**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ABDU GHALIB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3531 |
| | § | |
| SHARON HUDSON, Acting Director | § | |
| of the Houston District Office, US | § | |
| Citizenship and Immigration Services, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Abdu Ghalib sues under 8 U.S.C. § 1421(c), which authorizes a *de novo* judicial review of a naturalization application denied after a hearing under 8 U.S.C. § 1447(a). Ghalib has filed four citizenship applications since 2001. He filed the fourth application after filing this suit seeking judicial review of the denial of the third. Defendant Sharon A. Hudson, District Director, United States Citizenship and Immigration Services (USCIS), asks this court to dismiss this case and remand so the USCIS can decide the fourth application or, in the alternative, to conduct a *de novo* review and deny the citizenship application. The Director asserts that dismissal and remand will allow the USCIS to adjudicate the latest naturalization application in light of new evidence Ghalib might submit. The Director seeks dismissal "solely for the purpose of judicial economy to prevent potentially unnecessary litigation that could be resolved within the administrative setting."

1

(Docket Entry No. 17, p. 3).

Ghalib responds that he does not oppose staying this suit while the USCIS reviews his pending application for naturalization. He argues that in light of the USCIS's acknowledged error in considering at least one of his earlier applications and the delay that would result if his latest application is denied and he had to administratively appeal before filing a new lawsuit, dismissal and remand is inappropriate. Ghalib asks this court to stay the appeal from the denial of the third application while the USCIS considers the fourth application. Alternatively, if a stay pending the administrative decision on his fourth and pending application is not granted, Ghalib asks for the *de novo* judicial hearing that the statute provides. (Docket Entry No. 18, p. 2).[1]

This court agrees that under the unusual circumstances present here, a stay of this litigation pending the administrative decision on the latest-filed pending naturalization is appropriate. A stay will allow the USCIS to consider all the facts under the correct legal standard and allow Ghalib timely *de novo* judicial review if that application is denied. The Director's motion to dismiss and remand is denied and Ghalib's motion to stay is granted. The reasons are explained below.

**I.     Background**

The relevant facts are largely undisputed. Ghalib is a Yemen citizen who became a lawful permanent resident on May 3, 1994, based on a petition filed by his United States

---

[1] Ghalib also moves to supplement the administrative record. No opposition has been filed. The motion (Docket Entry No. 19) is granted.

citizen wife. In March 1998, Ghalib was convicted of illegal food stamp transactions at a convenience store he owned. His sentence for this felony offense was suspended and his probation terminated early. In April 2001, Ghalib applied for naturalization as the spouse of an American citizen under section 319(a) of the INA, 8 U.S.C. § 1430(a). This section requires a demonstration of good moral character for three years. The Director denied his application under section 316, which has a five-year good-moral-character requirement. On appeal, the Director denied relief, again citing the five-year requirement.

Ghalib filed a second naturalization application in 2003, again relying on section 319(a). This application was denied, based on a statement that Ghalib was on probation until 2003, when his probation had been terminated in 2000. Ghalib unsuccessfully challenged that denial. He filed a third application in 2004, which was more than six years since he was convicted and more than three years since his probation ended. The USCIS denied this application, stating that "during the course of the interview, both you and your attorney stated the sole purpose of filing under Section 319(a) as opposed to Section 316(a), for which you are eligible, was to circumvent the arrest falling within the five-year statutory period." (Docket Entry No. 18, p. 5). The Director acknowledges in this suit that this statement was erroneous. "Defendant USCIS unequivocally confirms that the statutory good moral character period is three years, not five years, and that Plaintiff Ghalib had a statutory right to file his application under § 1430 so long as his marriage to a United States citizen spouse remains viable." (Docket Entry No. 17, p. 6, n. 4). Ghalib asserts, and the Director does not dispute, that he has been and is married to a United States citizen spouse.

In September 2004, Ghalib filed a request for hearing under 8 U.S.C. § 1447(a). The Director denied that request, stating that Ghalib had failed to establish that he was "a person of good moral character during the five-year statutory period," although it is undisputed that the three-year requirement of section 319(a) applies. Ghalib filed this suit seeking a *de novo* determination of this denial. In November 2005, Ghalib filed another naturalization application. If that application is granted, this suit would be moot. The new application remains unadjudicated.

**II.     Analysis**

To become a naturalized citizen, an applicant must meet various statutory requirements, including sufficient periods of residency and physical presence and a record of "good moral character" during these periods. 8 U.S.C. § 1427(a).[2] If the application is denied, "the applicant may request a hearing before an immigration officer," 8 U.S.C. § 1447(a), and then may seek judicial review if the agency's decision remains unfavorable, see 8 U.S.C. § 1421(c).

Before October 1, 1991, applicants for citizenship applied for naturalization directly in the United States district court. *See Tutun v. United States*, 270 U.S. 568, 575-76 (1926). The INS would investigate the applicant and supply the court with a report and nonbinding recommendations. *See* 8 C.F.R. § 335.11 (1990). In response to backlogs in the district courts, the Immigration Act of 1990, Pub.L. No. 101-649, Title IV, 104 Stat. 4978, 5038-48

---

[2]While this act refers to the "Immigration and Naturalization Service," this agency was abolished in 2002 and its functions were transferred to a variety of agencies within the newly formed Department of Homeland Security.

(Nov. 29 1990) (the "1990 Amendments"), removed jurisdiction from the district courts and placed "sole authority to naturalize persons as citizens of the United States [with] the Attorney General." INA § 310(a), 8 U.S.C. § 1421(a). "A central purpose of the statute was to reduce the waiting time for naturalization applicants." *United States v. Hovsepian*, 359 F.3d 1144, 1163 (9th Cir. 2004) (en banc) (citing Naturalization Amendments of 1989, 135 Cong. Rec. H4539-02, H4542). Federal statutes and regulations provide procedures for applicants to contest denials before naturalization officers within the USCIS. *See* 8 U.S.C. §§ 1446–47; 8 C.F.R. §§ 335.1, 335.2, 336.2; *see also Aparicio v. Blakeway*, 302 F.3d 437, 440 (5th Cir. 2002) (describing the application process).

The 1990 Amendments also provided for *de novo* judicial review in the United States district courts of the USCIS's denials of naturalization applications. *See* INA § 310(c); 8 U.S.C. § 1421(c). "This grant of authority is unusual in its scope – rarely does a district court review an agency decision de novo and make its own findings of fact." *Nagahi v. INS*, 219 F.3d 1166, 1169 (10th Cir. 2000). "[E]ven if the INS is allowed to make the initial decision on a naturalization application, the district court has the final word and does not defer to any of the INS's findings or conclusions." *Hovsepian*, 359 F.3d at 1162 (emphasis omitted); *see also Boatswain v. Gonzales*, 414 F.3d 413, 415 at n.2 (2d Cir. 2005); *Aparicio,* 302 F.3d at 445 ("Judicial review of naturalization denials is always available and is de novo, and is not limited to any administrative record but rather may be on facts established in and found by the district court.").

In this suit, Ghalib asks this court to review the USCIS's denial of his February 2004 naturalization application. The USCIS has before it Ghalib's November 2005 application and has indicated a willingness to consider that application in light of the passage of time and evidence of continued good moral character and satisfaction of the other statutory requirements during the relevant period. The USCIS asserts that in his February 2004 application, Ghalib did not submit sufficient information explaining the behavior that led to his 1998 conviction or indicating remorse, rehabilitation, or reformation of character. The USCIS agrees that Ghalib is entitled to produce that evidence to this court, which is not limited to the administrative record in considering Ghalib's suit under section 1421(c), but argues that it is "more appropriate to submit that evidence in the first instance to the USCIS." (Docket Entry No. 17, p. 11). Ghalib does not oppose first seeking an agency determination of his pending 2005 naturalization application, but does oppose dismissal and remand and the attendant delay in obtaining judicial review if the agency action is unfavorable.

In many cases, allowing a stay of a suit seeking judicial review of one citizenship application to allow the agency to consider another application would not be appropriate. The potential for abusive serial filings is obvious. But the circumstances present in this case are unusual. The USCIS has indicated its willingness to consider the pending fourth application. Both Ghalib and the USCIS agree that it makes sense for this court to delay reviewing the denial of the third application while the USCIS considers the fourth. To stay this case while the USCIS interviews Ghalib and decides his pending citizenship application allows the agency to decide a matter that the statute places primarily in agency hands, *see*

6

*Immigration & Naturalization Service v. Ventura*, 537 U.S. 12, 16 (2002), as the Director argues. At the same time, a stay rather than dismissal and remand allows this court to discharge its statutory role under 8 U.S.C. § 1421(c) in a timely and efficient manner if the agency again denies Ghalib's application. Dismissing this case or remanding it to the USCIS so that it can consider Ghalib's new application would prevent the judicial review that is available for the previous denial and result in additional delay before Ghalib could obtain judicial review if the latest application is also denied. The USCIS's interest in having the first opportunity to consider evidence of remorse, rehabilitation, or reformation of character; Ghalib's interest in having a timely, legally and factually correct adjudication of his application; and this court's interest in avoiding an unnecessary decision on a matter that can be decided administratively, are all served by staying and administratively closing this case while the USCIS interviews Ghalib and decides his pending November 2005 naturalization application.

### III.   Conclusion and Order

The Director's motion to dismiss and remand or in the alternative to deny Ghalib's application is denied. Ghalib's motion to stay pending the USCIS's action on his pending November 2005 naturalization application is granted. The parties must file a written status report every sixty days, beginning on February 23, 2007, and within ten days after the USCIS issues its decision on the pending November 2005 citizenship application. A party may

move to reopen and reinstate this case to the active docket no later than ten days after the USCIS adjudicates the November 2005 citizenship application.

        SIGNED on December 27, 2006, at Houston, Texas.

                                            Lee H. Rosenthal
                                       United States District Judge